UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARTINO O'BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV285 MLM |
| | ) | |
| JAN KINK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Martino O'Bryant for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff brings this action for unspecified monetary damages against Jan King (Missouri Public Defender) and Quinn Grimes (Missouri Public Defender).

At the outset, the Court notes that plaintiff states the jurisdictional ground for filing this action in federal court is "Citizenship Diversification." The Court will liberally construe the complaint as having been brought pursuant to 28 U.S.C. § 1332. Plaintiff does not claim that the amount in controversy exceeds $75,000, and complete diversity of citizenship is lacking in that both plaintiff and defendants are alleged to be Missouri residents. *See* 28 U.S.C. § 1332. As such, the Court lacks `federal-court subject matter jurisdiction.`

Liberally construing this action under 42 U.S.C. § 1983, the complaint is legally frivolous, because public defenders performing lawyers' traditional functions do not act under color of state law for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Last, plaintiff appears to be trying to assert a legal malpractice claim against defendants; however, his allegations, which consist of short, conclusory phrases such as "breach of duty" and "failed to advise" fail to state a claim or cause of action.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks jurisdiction over this action. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this 9th day of March, 2009.

                HENRY EDWARD AUTREY
                UNITED STATES DISTRICT JUDGE